## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KENNETH PALMER**

     **Plaintiff,**

**v.**                                                    **Case No.:**

**ERIC K. SHINSEKI**
**DEPARTMENT OF VETERANS AFFAIRS,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF REQUESTED

Plaintiff, Kenneth Palmer, complains of Defendant, Eric K. Shinseki, as Secretary of the Department of Veterans Affairs as follows:

## JURISDICTION

1.     This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, including 42 U.S.C. 2000e-16 and Section 501 of the Rehabilitation Act of 1973, 29 U. S. C. § 791 (Rehabilitation Act).

2.     Plaintiff has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as amended, including having exhausted or being excused of any required administrative remedies.

## PARTIES

3.     The Veterans Administration has a VA Regional Office in St. Petersburg, Florida whose address is 9500 Bay Pines Blvd., St Petersburg, Florida 33708 and the VA Regional Office's mailing address is Post Office Box 1437, St. Petersburg, Florida 33731.

4.     The VA Regional Office is broken down into various services provided for veterans.  At all times material to the complaint, Timothy Wright (referred to as RMO Wright) was and is a GS-13 Pre-Decision Team Coach at the VA Regional Office in St. Petersburg, Florida and has held this position for more than two years. He was the immediate supervisor of the Plaintiff at material times.  Lillian Viera-Figueroa (referred to as RMO Viera-Figueroa), was and is a GS-14, Assistant Veteran's Service Manager at the VA Regional Office in St. Petersburg, Florida, and has held this position for over two years.  She is and was the first line supervisor over RMO Wright, and was the second line supervisor over the Plaintiff.  Larry Brown, (referred to as RMO Brown) was and is the Assistant Veteran's Center Manager at the VA Regional Office in St. Petersburg, Florida, and has held this position since November 7, 2010.  He was the Plaintiff's second line supervisor until October, 2011.  Sandra L. Smith (referred to as RMO Smith) is a GS-15 Veterans Service Center Manager at the VA Regional Office in St. Petersburg, Florida, and has held this position since January, 2009.  Kerrie Witty (referred to as RMO Witty) was and is the Director at the VA Regional Office in St. Petersburg, and has held this position since 2010. Dan Soto (referred to as Soto) became a first line supervisor and coach of the Plaintiff in sometime in 2012.  Jean Morgan (referred to as Morgan) was the first line supervisor of Soto and the second line supervisor of the Plaintiff sometime in 2012.  Ron Brown (referred to as R. Brown) was and is a GS-12 Senior VSR who works on the post determination team at the VA Regional Office in St. Petersburg, Florida.   Anne Smith (referred to as A. Smith) was and is a VA Quality Review Team employee at the VA Regional Office in St. Petersburg.  Coach Scott Piazza (referred to as Piazza) was a coach for Palmer when he first worked at the VA Regional Office in St. Petersburg, Florida.

5.     Each of the employees of the VA as described herein was employed by the Defendant and was acting within the course and scope of his or her employment with the Defendant at the time of the conduct described herein.  Each of the employees was there during the relevant times of this complaint.

6.     The Plaintiff, Kenneth Palmer (Palmer) is a White (Race), Hispanic/ Puerto Rico (National Origin) male.  He has had and does have disabilities including neck problem, back problems, acid reflux (GERD), chronic headaches, tinnitus, short-term memory loss, depression, mood disorder, mental issues, sleep apnea, feet and knee problems.   He is an 80% service connected disabled veteran. He was a GS-9 Veterans' Service Representative at the VA Regional Office in St. Petersburg, Florida from May, 2010 until October 20, 2012, when he was forced to resign.  He now resides in Colorado.

7.     Palmer filed a formal EEO complaint, Agency Case No. 200I-0317-2012101281, EEO No. 510-20132-00154X, on January 14, 2012.  More than 360 days have passed since the filing date,  and more than 180 days past the filing of the his last amended complaint on October 26, 2012, thus satisfying the jurisdictional requirements of 42 U.S.C. § 2000e-16(c).

8.     Palmer has satisfied all conditions precedent to filing of this suit or he has been prevented by the Defendant from satisfying such conditions precedent, or he is excused under the law from satisfying any other conditions.

## GENERAL ALLEGATIONS

### Race, National Origin. Disability,  Discrimination , Reprisal for Prior EEO Activity and  Hostile Work Environment  Harassment

9.     Palmer has been subjected to disparate treatment and discrimination based upon Race (White), National Origin (Hispanic/Puerto Rico), disability, and reprisal for prior EEO activity based on:

3

a.      Since October 4, 2011, and continuing thereafter, officials failed to accommodate Palmer's disability by not allowing him to write down verbal instructions.

b.      Since October, 2011, and as recent as August 28, 2012, Palmer did not receive any type of award commensurate with his performance.

10.     Palmer has been subject to hostile work environment harassment based on Race (White), National Origin (Hispanic/Puerto Rico), disability, and reprisal for prior EEO activity based on:

a.      Since June, 2011, and as recent as March 19, 2012, Palmer was assigned the worst digits (cases) to process.

b.      Since October 4, 2011, and continuing thereafter, officials failed to accommodate Palmer's disability by not allowing him to write down verbal instructions.

c.      In October, 2011, and November, 2011, Coach RMO Wright alienated the Plaintiff and spoke to him with distain and hostility; sent e-mails in capitalized letters on several occasions and hastily gave verbal instructions even though he was aware that Palmer needed to take notes in order to compensate for his short-term memory loss. Around the same time period, RMO Wright became irritated to the point where he grabbed a file from Palmer and shouted at him.

d.      In October, 2011, and on about November 29, 2011, and December 1, 2011, RMO Wright instructed Palmer to process claims in a manner that was against policy.

e.      Since November 16, 2011, and continuing thereafter, RMO Wright scolded Palmer for asking him a question within 15 minutes of RMO's arrival at work and Palmer was told to never ask him questions early in the morning again.

f.      In November 30, 2011, and continuing thereafter, RMO Wright failed to accommodate Palmer by not affording Palmer the time and opportunity to write down information that was discussed during two impromptu meetings.

g.      On or about December 5, 2011, RMO Wright made defamatory and false accusations against Palmer as a target for public ridicule in front of the entire team of coworkers (around 30 employees) because Palmer inquired about getting excluded time to account for additional tasks and training required to prepare for upcoming, new work processes.

h.      In January, 2012, a co-worker was assigned and given credit for cases that were previously worked on by Palmer.

i.      On or about April 6, 2012, RMO Wright intentionally prevented Palmer from processing a claim (VA Benefit) in a timely manner when he failed to advise his subordinate R. Brown to contact Palmer about paperwork that was missing from a file.

j.      In December, 2011, January, 2012 and May, 2011, even though quality review procedures from QRT mandate a random sampling of five cases per month, more than five of Palmer's cases were reviewed for quality.

k.      On or about May 21, 2012, Palmer received a performance error from QRT that is still being counted against him.

l.      Since November, 2011, and continuing thereafter as June 27, 2012, Palmer has continued to receive e-mails and verbal orders from RMO Wright.

m.      Since October, 2011, and continuing thereafter, Palmer did not receive any type of reward commensurate with his performance.

5

n.      Since November, 2011, and continuing thereafter, RMO Wright prevented Palmer from contacting the Inspector General's office to submit a claim for a reward after he discovered a fraudulent benefits payment to an illegitimate claimant.

o.      From July 12, 2012, to July 31, 2012, Palmer was given the runaround about his request for Standardized Notification Letter (SNL) training as an accommodation. This delay was unnecessary.

p.      On August 28, 2011, Palmer was finally provided with paperwork for his accommodation requests after he made numerous verbal and written requests since October, 2011. However, he was never given the reasonable accommodations he requested.

q.      From almost the beginning of his employment and continuing thereafter, Palmer had to work many extra hours without pay to learn his job as all available training was not provided per his request.

r.      On October 20, 2012, Palmer was constructively discharged when he was forced to resign.

## Count I

## RACE, AND NATIONAL ORIGIN DISCRIMATION

11.   Plaintiff, Kenneth Palmer, sues Eric K. Shinseki, Secretary of the Department of Veterans Affairs for racial and national origin discrimination under Title VII.

12    Plaintiff incorporates by reference and realleges paragraphs 1 through 10.

13.   As a direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant because of race (White) national origin( Hispanic/ Puerto Rico), and disability.

14.     The above discriminatory actions were taken by the supervisory personnel within the VA Regional Office in order to deprive the Plaintiff of employment and other employment action because of his race, and national origin.

15.     The Defendant has intentionally maintained these discriminatory and unlawful practices to the detriment of the Plaintiff.

16.     The above-referenced actions have created an intolerable hostile work environment.

17.     The Defendant at all relevant times knew, or should have known, of the above-referenced discrimination against the Plaintiff.

18.     The Defendant has failed to take necessary action to prevent or correct the complaint of discrimination and, in fact, ratified such conduct.

19.     The Defendant, through the Plaintiff's managers and supervisors has engaged in, directed or ratified conduct and denied and frustrated the Plaintiff's efforts to obtain relief under Title VII.

20.     The Defendant, through acceptance of the complained of conduct, has fostered an attitude among supervisors at VA Regional Office in St Petersburg that racial discrimination, national origin, and disability discrimination are acceptable employment practices.

21.     Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, the Plaintiff has been and continues to be denied his rights to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

22.     As a result of the foregoing, the Plaintiff has been damaged. Those damages include, but are not limited to, loss of pay; loss of wages; loss of back pay; loss of benefits; loss

of an amicable working environment; loss of career and professional opportunities; a lower performance appraisal; payment of attorneys' fees and legal costs; harm to his professional reputation; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

WHEREFORE, Plaintiff requests prospective relief, judgment for damages, attorneys' fees and costs, and such other relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## Count II
## RETALIATION

23.     Plaintiff, Kenneth Palmer, sues Eric K. Shinseki, Secretary of the Department of Veterans Affairs for retaliation under Title VII and the Retaliation Act.

24.     Plaintiff incorporates and realleges paragraphs 1 through 10, and 13 through 22.

25.     Plaintiff engaged in protected EEO activity.

26.     The Defendant was aware of each of the Plaintiff's protected EEO activities.

27.     The aforesaid adverse employment actions; other adverse actions; misconduct; and other conduct, acts and omissions to the Plaintiff's detriment; as well as other adverse employment actions and conduct, were all taken (or failed to be taken) by administrators and managing and supervisory personnel at VA Regional Office in St Petersburg in retaliation for the protected EEO activity of the Plaintiff including those set forth above.

28.     As a direct and proximate result of the protected EEO activity, Plaintiff has suffered the adverse employment actions and other adverse actions, including these set forth above. These actions would deter a reasonable employee from engaging in EEO activity.

29.     VA Regional Office in St Petersburg, Florida has intentionally maintained these retaliatory and unlawful practices to the detriment of its employees.

30.     The Defendant at all relevant times knew or should have known of the retaliatory actions being taken against the Plaintiff.

31.     The Defendant failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

32.     The Defendant, through the supervisors of the Plaintiff, including RMO Wright, RMO Viera- Figueroa and others, has engaged in, directed, and/or ratified retaliatory conduct and has frustrated the Plaintiff's efforts to obtain relief under Title VII and the Rehabilitation Act.

33.     The Defendant, through acceptance of such conduct, has fostered an attitude among administrators, managers and supervisors in the VA Regional Office that retaliation against employees in order to discourage protected EEO activity, is an acceptable employment practice by administrators, managers and supervisors at VA Regional Office in St Petersburg Florida.

34.     Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, Plaintiff has been and continues to be denied his right to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

35.     As a result of the foregoing, the Plaintiff has been damaged.  Those damages include, but are not limited to loss of pay; loss of wages, loss of back pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; a lower performance appraisal; payment of attorneys' fees and legal costs; harm to his professional

reputations; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

<u>Count IV</u>

## <u>DISABILITY DISCRIMINATION AND FAILURE TO REASONABLY ACCOMMODATE DISABILITY</u>

36. Plaintiff, Kenneth Palmer sues Eric K. Shinseki, Secretary of the Department of Veterans Affairs for disability discrimination and failure to reasonably accommodate a disability under Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (Rehabilitation Act) and Section 717 of the Civil Rights Act of 1964, as amended.

37. Plaintiff incorporates and realleges paragraphs 1 through 10, 13 through 22, and 25 through 35.

38. As a direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant because of disability discrimination and failure to reasonably accommodate disability.

39. The Defendant further failed to reasonably accommodate the Plaintiff.

40. The above discriminatory actions were taken by the supervisory personnel within the VA Regional Office in St Petersburg, Florida, in order to deprive the Plaintiff of employment and other employment action because of his disability.

41.    The Defendant has intentionally maintained these discriminatory and unlawful practices to the detriment of the Plaintiff.

42.    The above-referenced actions have created an intolerable hostile work environment.

43.    The Defendant at all relevant times knew, or should have known, of the above-referenced discrimination against the Plaintiff.

44.    The Defendant has failed to take necessary action to prevent or correct the complaint of discrimination and, in fact, ratified such conduct.

45.    The Defendant, through the Plaintiff's managers and supervisors has engaged in, directed or ratified conduct and denied and frustrated the Plaintiff's efforts to obtain relief under Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (Rehabilitation Act) and Section 717 of the Civil Rights Act of 1964, as amended.

46.    The Defendant, through acceptance of the complained of conduct, has fostered an attitude among supervisors at VA Regional Office in St. Petersburg, Florida that disability discrimination and failure to reasonably accommodate disability are acceptable employment practices.

47.    Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, the Plaintiff has been and continues to be denied his rights to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* and the Rehabilitation Act.

48.    As a result of the foregoing, the Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; loss of wages, loss of back pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; a lower

performance appraisal; payment of attorneys' fees and legal costs; harm to his professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

WHEREFORE, Plaintiff requests reasonable accommodation, prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## Count V

## HOSTILE WORK ENVIRONMENT HARASSMENT

49.      Plaintiff, Kenneth Palmer, sues.  Eric K. Shinseki, as Secretary of the Department of Veterans Affairs for retaliatory hostile work environment harassment.

50.      Plaintiff incorporates and realleges paragraphs 1 through 10, 13 through 22, 25 through 35, and 38 through 48.

51.      The aforesaid actions and conduct have created an intolerable hostile work environment harassment.

52.      As a result of the foregoing, the Plaintiff has been damaged.  Those damages include, but are not limited to loss of pay; loss of wages, loss of back pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; a lower performance appraisal; payment of attorneys' fees and legal costs; harm to his professional reputations; and humiliation, degradation, embarrassment, and severe emotional suffering and distress.  Plaintiff will continue in the future to suffer these damages absent relief from this Court.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## Count VI

## INJUNCTIVE RELIEF

53.     Plaintiff, Kenneth Palmer, sues. Eric K. Shinseki, as Secretary of the Department of Veterans Affairs for injunctive relief.

54.     Plaintiff incorporates and realleges paragraphs 1 through 10, 13 through 22, 25 through 35, 38 through 48, and 50 through 52.

55.     Unless the above practices are enjoined, Plaintiff will suffer irreparable harm.

56.     There is: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless an injunction issues; (3) the threatened injury to the Plaintiff is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, is issued,  will not disserve the public interest.

57.     Plaintiff requests the Court award his attorneys' fees and costs and enter preliminary and permanent injunctions enjoining the following practices, actions and conduct:

58.     Violating Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (Rehabilitation Act) and Section 717 of the Civil Rights Act of 1964, as amended, Title VII or the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* 42   U. S. C. 2000e-16 as described above including retaliation against Plaintiff for protected or EEO activity and discrimination based on race, national origin, and disability, and

       a.     Such other practices, actions or conduct that the court deems appropriate and proper to enjoin.

13

WHEREFORE, Plaintiff demands trial by jury of all issues so triable and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Kenneth Palmer, hereby demands a trial by jury on all issues so triable.


Dated:  July 10, 2013                                Respectfully submitted,


                                                     Joseph D. Magri
                                                     Florida Bar No. 0814490
                                                     Merkle Magri & Meythaler, P.A.
                                                     5601 Mariner St., Suite 400
                                                     Tampa, FL 33609
                                                     Tel. (813) 281-9000
                                                     Fax.: (813) 281-2223
                                                     Email: jmagri@merklemagri.com
                                                     Attorneys for Plaintiff Kenneth Palmer