UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH PALMER,

    Plaintiff,

v.                                          Case No. 8:13-cv-01784-EAK-EAJ

ERIC K. SHINSEKI,

    Defendants,

_____/

## ORDER

This cause is before the Court on Plaintiff's First Amended Complaint (Doc. 14), Defendants' Motion to Dismiss First Amended Complaint and Alternative Motion for More Definite Statement (Doc. 16), and Plaintiff's Response thereto (Doc. 18). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's First Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed his complaint (Doc. 1) on July 10, 2013. Defendant filed a Motion to Dismiss (Doc. 9) on September 17, 2013. This Court, in its order (Doc. 15) on October 8, 2013 denied Defendant's Motion to Dismiss (Doc. 9) stating the Plaintiff had filed an amended complaint (Doc. 14). Plaintiff filed his First Amended Complaint (Doc. 14) on October 7, 2013. Defendant then filed a Motion To Dismiss First Amended Complaint and Alternative Motion for more Definite Statement (Doc. 16) on October 18, 2013. Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. 18) on November 1, 2013.

## STANDARD OF REVIEW

To properly state a claim, Rule 8 of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This is to ensure fair notice of what the claim alleges, and the grounds upon which it is based. *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 545 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47). Rule 10 further requires that claims or defenses must be stated, "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). That said, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, the Court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012) cert. denied, 133 S. Ct. 543 (U.S. 2012). If the facts contained in the complaint would allow the plaintiff to recover under any possible theory, the motion to dismiss must be denied. *Linder v. Portocarrero*, 963 F.2d 332, 336 (11th Cir. 1992). If, however, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the plaintiff's claim must be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).

## DISCUSSION

### I. Supplemental Jurisdiction over Plaintiff's Claim

Before filing a complaint in federal court under Title VII, a federal employee must exhaust all of her administrative remedies. *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). Under Title VII, an employee has forty-five (45) days from the time of an alleged

discriminatory action to contact an Equal Employment Opportunity (EEO) counselor. 29 C.F.R. § 1614.105(a)(1). If a Plaintiff fails to initiate "administrative review of any alleged discriminatory or retaliatory conduct" within the 45-day period the claim is barred for failure to exhaust administrative remedies. *Shiver v. Chertoff*, 549 F.3d 1344 (11th Cir. 2008).

Defendant claims that most of the alleged acts made by Plaintiff must be dismissed because these acts were made more than 45 days prior to the administrative complaint, i.e. December 1, 2011. (Doc. 16 at 8). Defendant asserts that the only acts stated by the Plaintiff in the amended complaint, (Doc. 14 ¶ 10) that fall within the 45 days requirement are:

> 10.d. (Plaintiff was instructed to process a claim in a manner that was against policy), 10.g. (Wright made "defamatory and false accusations" about the Plaintiff when the Plaintiff asked about getting "excluded time"), 10.i. (Wright failed to advise a subordinate to contact the Plaintiff about paperwork missing from a file, thus preventing the Plaintiff from timely completing work on the file), 10.j. (on three occasions, the VA randomly reviewed more than five of the Plaintiff's files for quality), 10.k. (on one occasion, the Plaintiff was credited with a performance error that should have been credited to someone else), 10.o. (on two occasions, a manager gave the Plaintiff the "runaround" about additional training), and 10.r. (the VA constructively discharged the Plaintiff).

(Doc. 16 at 8).

Plaintiff argues compliance with the exhaustion prerequisite under Title VII has been made for all counts. (Doc. 14, ¶ 2). Plaintiff initially stated a formal EEO complaint was filed for discrimination on January 14, 2012. (Doc. 14, ¶ 7). Plaintiff later alleged that the initial contact with Office of Resolution Management (ORM) was not on January 14, 2012 but on January 6, 2012. (Doc. 18 at 5). Therefore, any claim made after November 22, 2011 is appropriate. (*Id.*) Plaintiff additionally asserts that even acts prior to January 6, 2012 are timely because under hostile work environment and harassment claims if one claim is timely all other related claims are timely. (*Id.*)

A court may consider evidence outside of the pleading when considering a motion to dismiss for failure to exhaust remedies when, (1) resolving factual disputes that do not decide the merits and (2) "the parties have sufficient opportunity to develop a record." *Bryant v. Rich,* 530 F.3d 1368, 1376 (11th Cir. 2008). This finding was extended to include failure to exhaust remedies in Title VII claims. *Tillery v. U.S. Dept. of Homeland Sec.*, 402 Fed. Appx. 421, 424-25 (11th Cir. 2010). The Court finds that in this case, both elements are satisfied. The facts about whether Plaintiff failed to exhaust his administrative remedies do not bear on the merits of his claim that he was subjected to disparate treatment based on race, national origin, disability, and retaliation for prior EEO activity. Considering the Plaintiff has already provided evidence outside the pleadings to support his claim he exhausted all administrative remedies, Plaintiff has had a sufficient opportunity to develop, and did develop, a record. Therefore, it is appropriate for this Court to view evidence outside of the pleadings in order to determine if Plaintiff properly exhausted all administrative remedies.

However, Defendant not only brings a motion to dismiss claim for failure to exhaust remedies as in *Tillery*, but the Defendant brought forth a motion to dismiss for failure to state a claim as well, alleging Plaintiff's amended complaint was in essence a "shotgun" pleading. (Doc. 16 at 1). Thus, this Court must address whether Plaintiff's complaint is in fact a "shotgun" pleading that does not satisfy federal pleading standards.

**II. Motion to Dismiss for Failure to State a Claim**

The complaint, in its first amended form, is deficient. The Plaintiff fails to allege any plausible facts that provide support for any of the counts alleged. Instead, the Plaintiff merely makes numerous factual allegations that are inconsistent and immaterial making it impossible for one to determine which allegations support any one count. The Amended

Complaint merely restates the same allegations made in all preceding accounts. Furthermore, Plaintiff concedes that, "The defendant properly argues that the first amended complaint improperly incorporates all paragraphs in all counts." (Doc. 18 at 4).

This Court concludes Defendant was not provided fair notice of the allegations and their grounds, and this Court believes that "no competent lawyer... could compose an answer... that would be in keeping with what the framers of the rules envisioned." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 (11th Cir. 2008). Accordingly it is,

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND** for failure to state a cause of action. The Amended Complaint shall be filed within ten (10) days of this date or this cause will be dismissed and closed.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 14th day of April 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.