UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH PALMER,

Plaintiff,

v.                                    Case No. 8:13-cv-01784-T-EAK-EAJ

ERIC K. SHINSEKI,
DEPARTMENT OF VETERAN'S AFFAIRS,

Defendant.

_____/

## ORDER

This cause is before the Court on Plaintiff's second amended complaint
(Doc. 24), Defendant's motion to dismiss Plaintiff's second amended complaint
(Doc. 25), and Plaintiff's response to Defendant's motion to dismiss (Doc 28). For
the reasons set forth below, Defendant's motion to dismiss is **GRANTED** and
Plaintiff's Second Amended Complaint is **DISMISSED WITH LEAVE TO
AMEND.**

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed his complaint on July 10, 2013. (Doc. 1.) Defendant filed a
motion to dismiss on September 17, 2013. (Doc. 9.) Because Plaintiff filed his
first amended complaint on October 7, 2013 (Doc. 14), this Court, on October 8,
2013, denied Defendant's motion to dismiss. (Doc. 15.) On October 18, 2013,
Defendant filed a motion to dismiss Plaintiff's first amended complaint and an

1

alternative motion for a more definite statement. (Doc. 16). Plaintiff filed a response to Defendant's motion to dismiss on November 1, 2013. (Doc. 18.)

This Court granted Defendant's motion to dismiss Plaintiff's first amended complaint, giving Plaintiff leave to amend. (Doc. 23.) Plaintiff filed a second amended complaint on April 23, 2014. (Doc. 24.) Defendant filed a motion to dismiss Plaintiff's second amended complaint on May 1, 2014. (Doc. 25.) Plaintiff filed a response to Defendant's motion to dismiss the second amended complaint on May 22, 2014. (Doc. 28.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court views the complaint in a light most favorable to the plaintiff and "accept[s] as true all of the factual allegations contained in the complaint." *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, legal conclusions are not given such a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While a plaintiff need not provide "detailed factual allegations," the complaint must include "more than labels and conclusions." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Mere conclusions and "formulaic recitation[s] of a cause of action's elements" cannot withstand a motion to dismiss. *Id.*

Following these principles, courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d

2

1283, 1290 (11th Cir. 2010).  First, a court will "eliminate any allegations in the complaint that are merely legal conclusions." *Id.* Second, a court will determine whether the factual allegations, assumed true, "*plausibly* give rise to an entitlement to relief." *Id.* (emphasis added).

The rules require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 555. A plaintiff must allege facts that show more than a "mere possibility of misconduct;" he must "nudge" his claim "across the line from conceivable to plausible." *Iqbal,* 556 U.S. at 679, 683 (quoting *Twombly*, 550 U.S. at 570). The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

## DISCUSSION

The framers of the Federal Rules of Civil Procedure envisioned that complaints would be drafted "clearly and definitively" as to allow defendants to "understand the cause(s) of action the plaintiff [is] asserting and frame a responsive pleading . . . ." *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 979 (11th Cir. 2008). Pleadings should readily identify the issues between the parties so that the Court may advance a resolution. *Id.* Pleadings that do not make clear the basis for the parties' dispute may result in extensive discovery and unnecessary use of the Court and the parties' resources. *Id.* at 982. Thus, shotgun pleadings—pleadings that incorporate various factual allegations into

3

multiple counts, despite some allegations being relevant only to certain counts—are to be avoided. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014). Such pleadings undermine the goal of identifying the issues by making it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id.* (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996)).

Plaintiff's second amended complaint is still deficient. It does not remedy the problems present in the first amended complaint. The only changes Plaintiff made to the document was to omit the incorporation of the elements of each preceding count into the following counts. However, each count still incorporates all allegations from paragraphs 9 and 10 (which together include 21 subparagraphs) making it still "impossible for one to determine which allegations support any one count." (Doc. 23, page 4.)

Plaintiff maintains that incorporating all allegations from paragraphs 9 and 10 into every count is proper. (Doc. 28.) Plaintiff states this is because various alleged facts relevant to other counts can support evidence of "discrete acts" relevant to Count I, race and national original discrimination. (Doc. 28, page 3.) Plaintiff also states that Count IV, hostile work environment harassment, needs to be understood "in context of all the circumstances." (Doc. 28, page 16).

While it is true that the same facts may, at times, be relevant to different claims, there is no basis here for Plaintiff's incorporation of **every** allegation into **every** count. For example, as Defendant points out in its motion, Plaintiff reincorporates all allegations in paragraphs 9 and 10 into count II, retaliation,

including those allegations which describe actions that occurred prior to the occurrence of any protected activity (Plaintiff filing EEO complaints).

A prima facie case of retaliation under Title VII requires a plaintiff to show she "exercised her protected rights, an adverse employment action occurred, and the adverse action was *causally related* to the plaintiff's protected activities." *E.E.O.C. v. Reichhold Chemicals, Inc.*, 988 F.2d 1564, 1571 (11th Cir. 1993) (emphasis added). Paragraph 10 (a) of Plaintiff's complaint alleges that, beginning in June 2011, Plaintiff was "assigned the worst digits (cases) to process." However, Plaintiff did not file an EEO complaint until January 2012—six months after Plaintiff was first given the "worst" cases. (Doc. 24, pages 3, 4.) Similarly, paragraph 10 (d) alleges Plaintiff was asked to "process claims in a manner that was against policy" in October, November, and December of 2011; paragraph 10 (e) alleges RMO Wright "scolded" Plaintiff in November of 2011; paragraph 10 (f) alleges RMO Wright did not allow Plaintiff "opportunity to write down information" in November of 2011; and paragraph 10 (g) alleges RMO Wright made "defamatory and false accusations against Plaintiff" in December of 2011. These alleged actions—occurring prior to when Plaintiff first filed an EEO complaint—can have no "causal link" to a protected activity and thus cannot support a claim for retaliation. *Reichhold Chemicals, Inc.,* 988 F.2d at 1571.

In addition, while paragraph 10 supposedly sets forth allegations showing a "hostile work environment based on Race (White), National Origin (Hispanic/Puerto Rican), disability, and reprisal for prior EEO activity," it is difficult to understand which subparagraph matches to each count. For example, it is

unclear whether paragraph 10 (g), in which Plaintiff alleges RMO Wright "belittled" him, applies only to count IV, hostile work environment harassment, or whether Plaintiff actually has some basis for alleging he was "belittled" because of his race or national origin (count I).

Further, the second amended complaint is redundant, and not laid out in a logical manner sufficient for Defendant to identify and respond to the issues. For example, paragraph 10 (c) alleges that RMO Wright "berated Plaintiff for asking [for] assistance too early in the morning." Paragraph 10 (e) also states "RMO Wright berated Plaintiff for asking [for] assistance too early in the morning." However, the allegation in between—paragraph 10 (d)—alleges RMO Wright wanted Plaintiff to "process claims in a manner that was against policy." This organization of sandwiching new allegations between other allegations that should otherwise be placed together is repeated throughout the complaint, and makes it difficult to follow Plaintiff's logic.

### Many of Plaintiff's Allegations are Conclusory and Do Not State a Claim

Many of Plaintiff's allegations are mere "labels and conclusions," that are not entitled to the presumption of truth customarily given to factual allegations on a motion to dismiss. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's statement in paragraph 10 (c) that "RMO Wright alienated Plaintiff and spoke to him with distain and hostility" is a conclusion. Plaintiff does not detail what RMO Wright said or did to earn this label. Similarly, Plaintiff's statement in paragraph 10 (c) and (e) that RMO Wright "berated" Plaintiff is a conclusion. Paragraph 10 (g) serves as an example, as well: Plaintiff's statements that RMO Wright

"ridiculed," "slandered," and "belittled" the Plaintiff, without any specifics about what RMO Wright said or did, are labels and conclusions.

Also conclusory are Plaintiff's allegations in paragraph 10 (n) that RMO Wright and management "prevented" Plaintiff from submitting claims for rewards. Again, that the Plaintiff was prevented from doing something is a conclusion; the complaint offers no detail about *how* RMO Wright prevented Plaintiff from submitting claims. The same may be said about paragraph 10 (p), which alleges that management "intentionally" delayed Plaintiff's disability accommodation process.

Not all of Plaintiff's allegations are conclusory: "not allowing [Plaintiff] time and opportunity to write down verbal instructions" (paragraph 9 (a)); RMO Wright "hastily [giving] verbal instructions" (paragraph 10 (c)); RMO Wright "grabb[ing] a file from Plaintiff and shout[ing] at him" (paragraph 10(c)); and Plaintiff having to "work hundreds of hours off the clock without pay" (paragraph 10(o)) are all examples of factual allegations deserving of a presumption of truth.

Though Plaintiff alleges some factual matter, he still has the burden to plead "enough" of these facts to state a claim that is *plausible. Twombly,* 550 U.S. at 570 (emphasis added). Plaintiff's allegation in paragraph 10 (a) that he was assigned the "worst digits" does not plausibly state a claim for employment discrimination; as Defendant notes, Plaintiff does not provide any facts from which to infer that he was given the most difficult cases *because* he was Hispanic or disabled. The same may be said of Plaintiff's allegations that RMO Wright sent him emails in capitalized letters (paragraph 10 (c)); that RMO Wright "instructed

7

Plaintiff to process claims in a manner that was against policy" (paragraph 10 (d)); and that Plaintiff did not receive any awards for his work (paragraph 10 (m)).

Defendant essentially concedes that Plaintiff does, at the least, sufficiently state a claim for count III, disability discrimination and failure to reasonably accommodate disability. Plaintiff's allegations that he was not provided opportunity to write things down or given requested training are factual allegations that may be assumed true, and which lend support to the claim. Support for Plaintiff's other counts, however, is either lacking or conclusory in nature.

## CONCLUSION

Plaintiff is warned that this Court may dismiss his third amended complaint with prejudice if he fails to correct the issues the Court has identified in the second amended complaint. Accordingly, it is,

ORDERED that Defendant's Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND** for failure to state a cause of action. The Amended Complaint shall be filed within ten (10) days of this date or this cause will be dismissed and closed.

Done and **ORDERED** in Chambers at Tampa, Florida, on this 25th day of 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.