UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH PALMER,

    Plaintiff,

v.                                                    Case No. 8:13-cv-01784-EAK-EAJ

ROBERT A. MCDONALD,[1]
DEPARTMENT OF VETERAN'S AFFAIRS,

    Defendant.

_____/

## ORDER

This cause is before the Court on Plaintiff's Third Amended Complaint and Demand for Jury Trial (Doc. 36), Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice for Failure to Comply with Court's Orders and Failure to State Causes of Action (Doc. 37), and Plaintiff's Response to Defendant's Motion to Dismiss. (Doc. 39.) For the reasons set forth below, Defendant's Motion to Dismiss with Prejudice is **GRANTED** and Plaintiff's Third Amended Complaint is **DISMISSED WITH PREJUDICE.**

### PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed his Complaint and Demand for Jury Trial on July 10, 2013 (Doc. 1), and Defendant filed his Motion to Dismiss and Alternative Motion for More Definite

---

[1] Robert A. McDonald is the current U.S. Department of Veterans Affairs Secretary and now the correct named defendant rather than former secretary and previously named defendant, Eric K. Shinseki.

Statement on September 17, 2013. (Doc. 9.) Plaintiff filed his First Amended Complaint and Demand for Jury Trial on October 7, 2013 (Doc. 14). This Court denied Defendant's Motion to Dismiss on October 8, 2013. (Doc. 15.)

On October 18, 2013, Defendant filed his Motion to Dismiss First Amended Complaint and Alternative Motion for More Definitive Statement. (Doc. 16.) Plaintiff filed his Response to Defendant's Motion to Dismiss on November 1, 2013 (Doc. 18), and on April 14, 2014, this Court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint giving Plaintiff leave to amend. (Doc. 23.)

Plaintiff filed his Second Amended Complaint and Demand for Jury Trial on April 23, 2014 (Doc. 24), and on May 1, 2014, Defendant filed his Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 25.) On May 22, 2014, Plaintiff filed his Response to Defendant's Motion to Dismiss (Doc. 28), and on July 25, 2014, this Court granted Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 34.)

Plaintiff filed his Third Amended Complaint and Demand for Jury Trial on August 4, 2014. (Doc. 36.) Defendant filed his Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice for Failure to Comply with Court's Orders and Failure to State Causes of Action on August 15, 2014. (Doc. 37.) On September 2, 2014, Plaintiff filed his Response to Defendant's Motion to Dismiss. (Doc. 39.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires that a plaintiff's complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court views the complaint in a light most favorable to the plaintiff and "accept[s] as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). However, legal conclusions are not given such a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not provide "detailed factual allegations," the complaint must include "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Mere conclusions and "formulaic recitation[s] of a cause of action's elements" cannot withstand a motion to dismiss. *Id.*

Following these principles, courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court will "eliminate any allegations in the complaint that are merely legal conclusions." *Id.* Second, a court will determine whether the factual allegations, assumed true, "*plausibly* give rise to an entitlement to relief." *Id.* (emphasis added).

The rules require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 555. A plaintiff must allege facts that show more than a "mere possibility of misconduct;" he must "nudge" his claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679, 683 (quoting *Twombly*, 550 U.S. at

3

570). The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

## DISCUSSION

**I. Analysis of Law and Conclusions of the Court**

For the reasons stated below, Defendant's Motion to Dismiss with Prejudice is granted because there are several elements of each of Plaintiff's claim, which he has failed to allege facts entitling him to relief. And since he has been given adequate direction from this Court and Defendant's motions on how to correct his deficiencies, all five counts of his complaint will be dismissed with prejudice.

In analyzing Plaintiff's claims, the Supreme Court has offered courts some guidance by stating the mere conclusory allegations of unconstitutional motive, devoid of factual support, must be found lacking and be dismissed. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). However, courts should be mindful that "fundamental rights and important questions of public policy are involved in actions under the various civil rights statutes and should not dismiss the complaint unless it clearly is frivolous or fails to state a claim for relief." *Lane v. Hillsborough County Hosp. Authority*, No. 95-2028-CIV-T-17C, 1997 WL 394897, *5 (M.D. Fla. July 10, 1997) (internal citations omitted).

With regard to dismissing a complaint with prejudice, it is well established that a plaintiff should be afforded at least one opportunity to amend his pleadings if a more carefully drafted complaint might state a claim upon which relief can be drafted. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one

chance to amend the complaint before the district court dismisses the action with prejudice.") (internal citations omitted). Two exceptions exist: (1) where the plaintiff expresses a desire not to amend his complaint; and (2) where "more carefully drafted complaint could not state a claim . . . dismissal with prejudice is proper." *Anderson v. United States*, 245 F.Supp.2d 1217, 1229 (M.D. Fla. 2002) (internal citations omitted). The Court has exceeded that admonition in this case.

No purpose would be served by allowing Plaintiff to amend his Complaint because he has had, through counsel of record, three opportunities to put forth a valid *prima facie* case but has failed to do so. Between this Court's orders and Defendant's motions, Plaintiff has had adequate notice of exactly how and why his complaints failed to state a claim upon which relief could be granted. Nevertheless, he has failed to cure the cited defects in such a manner that would permit him to establish a *prima facie* case as required by law. This Court finds that it is apparent that even a more carefully drafted complaint would fail to state a claim and dismisses Plaintiff's Third Amended Complaint with prejudice.

## II. Pleading Requirements for the Areas of Law Implicated in the Plaintiff's Complaint

### A. Discrimination Claims

#### 1. Race and National Origin Discrimination

Plaintiff has alleged a violation of Title VII of the Civil Rights Act of 1964 against Defendant, claiming that he "has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant"

because of his race and national origin. To make out a *prima facie* case of racial discrimination, a plaintiff must show (1) he belongs to a protected class; (2) he was qualified to do the job; (3) he was subjected to adverse employment action and (4) his employer treated similarly situated employees outside his class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (internal citations omitted). It is not disputed that Plaintiff is White, Hispanic/Puerto Rican, and qualified for the job. It must first be determined whether Plaintiff has sufficiently alleged that he was subject to adverse employment action and if so, whether Defendant treated other similarly situated employees outside his class more favorably.

"[N]ot all conduct by an employer negatively affecting an employee constitutes adverse employment action." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238 (11th Cir. 2001) (internal citations omitted). "Title VII, is neither a 'general civility code' nor a statute making actionable the 'the ordinary tribulations of the workplace.'" *Id.* at 1239 (internal citations omitted). Serious and material changes in terms, conditions, or privileges of employment must be shown to prove adverse employment action. *Id.* "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Id.*

Plaintiff's claim is predicated on not receiving performance bonuses, which were regularly awarded to African Americans, being given difficult cases, failure to receive special accommodations when it appeared to him that his supervisor helped accommodate African Americans, and being treated rudely unlike African American

employees. Plaintiff believed much of the treatment, which he alleges to be adverse, was due to his national origin, race, and disability. Even if Plaintiff can subjectively show that his employer treated similarly situated employees outside his class more favorable, Plaintiff is unable to objectively show he was subjected to adverse employment action.

Plaintiff asserts that he was never rewarded or given any bonuses, but this can be classified as a subjective "ordinary tribulation[] of the workplace." Further, Plaintiff did not provide that receiving difficult cases was any sort of change in his employment. Plaintiff states that his failure to receive requested accommodations was disparate treatment, but he does acknowledge that although delayed, he did receive at least one requested accommodation. Plaintiff has not laid out any facts that show failure to receive these accommodations caused serious and material changes in terms, conditions, or privileges of employment. Plaintiff contends that his employer's rude ways, which included actions that aggravated his disability, rude emails, loud laughing, and several other things made him subjectively feel mistreated, but Plaintiff did not suffer any tangible consequences from his employer's alleged rude behavior.

Accordingly, Plaintiff failed to establish a *prima facie* case of racial discrimination. Therefore, Count I must be dismissed. This Court further finds that Plaintiff has had three opportunities to put forth a valid *prima facie* case but has failed to do so. Therefore, the Court dismisses Count I, Race and National Origin Discrimination, with prejudice.

## 2. Disability Discrimination and Failure to Reasonably Accommodate Disability

A disparate treatment claim is evaluated under the traditional *McDonnell Douglas* burden-shifting framework. *Durley v. APAC, Inc.*, 236 F.3d 651, 657 (11th Cir. 2000). Under this approach, the employee must first establish a *prima facie* case of discrimination. *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n. 3 (2003). The burden then shifts to the employer to articulate a legitimate reason for the adverse employment action. *Id.* If the employer meets this burden of production, the employee may still prove disparate treatment by showing that the employer's reason is pretextual. *Id.*

Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). In a claim for failure to make reasonable accommodations, the *McDonnell Douglas* burden-shifting framework is modified. *Fenney v. Dakota, Minn. & E.R. Co.*, 327 F.3d 707, 712 (8th Cir. 2003). In addition to showing a *prima facie* case, the plaintiff must identify a reasonable accommodation that would allow him to perform the job.

To establish a *prima facie* case of employment discrimination, a plaintiff must demonstrate that: (1) he has a disability; (2) he is a qualified individual; and (3) the defendant unlawfully discriminated against him because of the disability. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225–26 (11th Cir. 2005).

It is not disputed that Plaintiff is disabled or otherwise qualified. Plaintiff contends that he "has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by Defendant because of disability

discrimination and failure to reasonably accommodate disability." It must first be determined whether Plaintiff alleges sufficiently that he was discriminated against because of his disability.

Plaintiff alleges that he did not receive any bonuses or rewards while employed with Defendant, but he also acknowledges that he did not qualify for bonuses, as he did not always meet productivity goals. Plaintiff complained that he received the most challenging cases, had commands blurted at him, was chastised with intimidating emails, and was treated with rude behavior. Plaintiff further alleges that Defendant intentionally acted out against Plaintiff and failed to notify him of meetings putting Plaintiff at a disadvantage. Plaintiff contends that the circumstances listed above qualify as discriminatory treatment by Defendant and were due to his disability, but Plaintiff fails to provide any objective facts and instead relies solely on his feelings.

Plaintiff alleges that he was "set up to fail and ultimately be fired." Defendant notes that Plaintiff acknowledges that he was once promoted while employed with Defendant. Additionally, Plaintiff chose to resign, moved to Colorado, and obtained new employment.

The allegations produced by Plaintiff in support of his *prima facie* case are lacking and conclusory. This Court finds that Plaintiff has failed present a *prima facie* case of disability discrimination that would entitle him to relief.

In order to prevail on a failure to accommodate claim Plaintiff must identify reasonable accommodations in addition to presenting a *prima facie* case. *Terrell v. USAir*, 132 F.3d 621, 624 (11th Cir. 1998). Once the plaintiff has met the burden of

showing reasonable accommodations exists, the employer may rebut the claim by presenting evidence that the plaintiff's requested accommodations impose undue hardships. *Id.* Because Plaintiff failed to prove his *prima facie* case, the Court need not analyze the failure to accommodate claim.

Therefore, Count III must be dismissed. This Court further finds that Plaintiff has had three opportunities to put forth a valid *prima facie* case but has failed to do so. Therefore, the Court dismisses Count III, Disability Discrimination and Failure to Reasonably Accommodate Disability, with prejudice.

**B. Retaliation Claim**

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). For Plaintiff to survive Defendant's 12(b)(6) motion to dismiss Count II of his third amended complaint, violation of Title VII, Retaliation, he must plead facts, not mere conclusory allegations, in his complaint that support a *prima facie* case showing: (1) he was engaged in protected activity; (2) the defendant took adverse employment action against him; and (3) there is a causal relationship between the plaintiff's engagement in protected activity and the employer's adverse employment action. *Jones v. Flying J, Inc.*, 409 Fed.App'x 290, at *3 (11th Cir. Jan. 19, 2011).

While a plaintiff can state a claim for retaliation based upon opposition to conduct that is not actually unlawful, the plaintiff must have a "good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008). "A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented." *Id.* "Where binding precedent squarely holds that particular conduct is not an unlawful employment practice by the employer . . . an employee's contrary belief that the practice is unlawful is unreasonable." *Id.* at 1214.

Recent district court decisions have found that if the underlying conduct, as pled in the complaint, does not raise a plausible inference of discrimination, then the plaintiff's belief that the underlying conduct was discriminatory is necessarily unreasonable, and, therefore, the plaintiff fails to state a claim for retaliation. *See, e.g., Williams v. Time Warner Inc.*, No. 09 Civ. 2962(RJS), 2010 WL 846970, at *5 (S.D.N.Y. Mar. 3, 2010) ("Plaintiff has alleged no facts rendering it plausible that the mistreatment she allegedly experienced was because of her race or sex. Accordingly, Plaintiff has pleaded no facts rendering it plausible that her *belief* that she had been discriminated against was objectively reasonable."); *Zimpfer v. Aramark Mgmt Servs, LP*, 795 F.Supp.2d 1249, 1254 (D. Utah 2011) (dismissing a retaliation claim because "no reasonable person could believe that the incident opposed by Plaintiff constituted a violation of Title VII").

Plaintiff alleges one count of retaliation against Defendant. As discussed above, Plaintiff has failed to plead any facts that would plausibly suggest discrimination against Plaintiff on the part of Defendant. Accordingly, Plaintiff's belief in the underlying discrimination is objectively unreasonable, and his retaliation claim must fail.

This Court finds beyond a doubt that Plaintiff can prove no set of facts in support of his claim in Count II that would entitle him to relief. Therefore, Count II must be dismissed. This Court further finds that Plaintiff has had three opportunities to put forth a valid *prima facie* case but has failed to do so. Therefore, the Court dismisses Count II, Title VII, Retaliation, with prejudice.

### C. Hostile Work Environment Claim

"A hostile work environment claim under Title VII is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (quotation marks omitted). Title VII is not meant to serve as "a general civility code." *See Oncale v. Sundowner Offshore Servs, Inc.*, 523 U.S. 75, 81 (1998). In order to establish a *prima facie* case of a hostile work environment, a plaintiff must establish:

> (1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment [was] based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.

*Miller*, 277 F.3d at 1275.

The fourth element contains both a subjective and objective component. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999). Thus, Plaintiff must show that he subjectively perceived the harassment as severe and pervasive enough to change the terms or conditions of employment and present facts sufficient for the court to find that this perception was objectively reasonable. *Id.* In making this objective determination, the following factors should be considered: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Id.* The Supreme Court has noted that teasing, offhand comments, and isolated incidents do not constitute discriminatory changes in the terms and conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998).

Plaintiff appears to establish the first two elements of the *prima facie* case because he is a member of a protected group and he alleges that he experienced harassment from his supervisory personnel. The only evidence in the record concerning the third element of the *prima facie* case, however, consists of Plaintiff's conclusory statements and beliefs that his Coach treated him different from others based on his national origin and disability.

Further, Plaintiff cannot satisfy the fourth element of the *prima facie* case because he did allege that the harassment he experienced was severe and pervasive. The harassment Plaintiff complained of consisted of specific, isolated incidents, which

occurred over a period of two years. In addition, none of the incidents complained of were physically threatening or severe. Although these disputes and confrontations were subjectively perceived the by Plaintiff to constitute a hostile work environment, such a perception was not objectively reasonable.

Accordingly, Plaintiff failed to establish a *prima facie* case of hostile work environment based on race, national origin, disability, or retaliation. Therefore, Count IV must be dismissed. This Court further finds that Plaintiff has had three opportunities to put forth a valid *prima facie* case but has failed to do so. Therefore, the Court dismisses Count IV, Hostile Work Environment, with prejudice.

### D. Injunctive Relief Request

At first glance, it seems inappropriate for the Court to grant the extraordinary relief of an injunction due to Plaintiff's current location and the fact that Plaintiff resigned from his job. The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting *All Care Nursing Serv., Inc. v. Bethseda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. *Id.*

*Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam), *cert. denied.* 130 S.Ct. 2141 (2010). Plaintiff must establish the burden of persuasion for each prerequisite clearly. *See McDonald's Corp.*, 147 F.3d at 1306.

First, Plaintiff has not persuaded the Court that there is danger that unlawful behavior will continue in the future. Thus, although a court may award injunctive relief even when the complained-of conduct has ceased, *see N.A.A.C.P. v. City of Evergreen, Ala.*, 693 F.2d 1367, 1370 (11th Cir. 1982) ("[T]he power to issue an injunction survives discontinuance of the illegal conduct sought to be enjoined."), in this case there is no sufficient allegations that any of the above allegations. Therefore under the totality of the circumstances, equitable relief is not warranted.

Furthermore, Plaintiff has not demonstrated that he will suffer an irreparable injury absent an injunction. The Eleventh Circuit has "emphasize on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel v. LePore*, 234 F.3d 1163, 1176–77 (11th Cir. 2000) (per curiam) (quoting *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). Here, Plaintiff's claim of irreparable injury is speculative at best. Thus, Plaintiff has failed to meet his burden.

Plaintiff failed to make a sufficient claim that Defendant's conduct warrants injunctive relief. Therefore, Count V must be dismissed. This Court further finds that Plaintiff has had three opportunities to put forth a valid case but has failed to do so. Therefore, the Court dismisses Count V, Injunctive Relief, with prejudice. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss with Prejudice (Doc. 37) is **GRANTED** as to all counts of the complaint. The Clerk is directed to enter judgment for the defendant, close this case, and terminate any pending motions.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on this 17th day of November, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All parties and counsel of record.